| | | |
|---|---|---|
| WILLIAM C. KING, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:18-cv-891** |
| v. | ) | **CHIEF JUDGE CRENSHAW** |
| | ) | |
| f/n/u HOSKINS., | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is a motion to reconsider order dismissing case (Doc. No. 17) filed by William C. King.  Mr. King is an inmate of the South Central Correctional Facility.

## I.      Background

On September 9, 2018, in William Carter King v. Candy Norman ("King v. Norman"), No. 2:14-cv-00082 (M.D. Tenn. filed 8/29/2014), the Court received a motion requesting an emergency injunction by William C. King and a declaration in support of his motion. (King v. Norman, Doc. Nos. 42, 43). The Court previously had received a letter from Mr. King in the same case, although the case was closed on December 17, 2015. (Id., Doc. No. 40).

In response to Mr. King's September 9, 2018, letter, the Court reminded him that a judgment had been entered against him and his case was closed; further, the Court informed Mr. King that, if he had legal claims he wished to pursue as a result of recent events, he must do so through a newly filed lawsuit. (Id., Doc. No. 41). Nevertheless, after that Order, Mr. King filed motion for temporary injunctive relief and a declaration in support of his motion in his closed case. (Id., Doc. Nos. 42, 43).

By Order entered on September 20, 2018, the Court directed the Clerk to term the motion

in King v. Norman and open the motion and Mr. King's declaration in a new civil action, which is the instant case. Because Mr. King had not yet filed a complaint, the Court directed the Clerk to mail him a blank form complaint for civil rights actions and directed Mr. King to submit a complaint pursuant to Federal Rule of Civil Procedure within 28 days of receiving the Court's Order if he wished to proceed. (Doc. Nos. 4 and 5).

In response, Mr. King filed a motion for the appointment of counsel (Doc. No. 6), an application to proceed in forma pauperis (Doc. No.7), a motion for an extension of time to file an amended complaint and check status of case (Doc. No. 8), and a motion for an injunction (Doc. No. 9).

By Order entered on October 25, 2018, the Court denied Mr. King's motion for appointment of counsel and granted his motion for an extension. (Doc. No. 10). The Court gave him until November 20, 2018, to submit a complaint. (Id.) The Court warned Mr. King that if he failed to submit a complaint by the deadline, there would be no further extensions and his case would be dismissed. (Id. at 8). On the same day, by separate Order, the Court denied his motion for an injunction. (Doc. No. 11).

Having received no complaint by the Plaintiff, by Order entered on December 4, 2018, the Court dismissed this case for failure to prosecute and failure to comply with Orders of the Court. (Doc. No. 12). Judgment was entered against the Plaintiff on the same date. (Doc. No. 13).

The Plaintiff then filed a motion for a temporary restraining order (Doc. No. 14) and a declaration in support of his motion (Doc. No. 15). By Order entered on December 26, 2018, the Court denied the motion, noting that Mr. King continues a pattern of filing motions in closed cases. (Doc. No. 16 at 2). A few days later, Mr. King filed a motion to reconsider the Court's Order dismissing his case. (Doc. No. 17).

## II. Legal Standard

Because there is no federal procedural rule permitting a "motion for reconsideration," the Court construes the Plaintiff's filing (Doc. No. 17) as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P. Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999). The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered. See Roger Miller Music, Inc., v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007) (collecting cases).

Rule 59 motions must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Here, Mr. King's motion was filed within 28 days after entry of judgment; thus, the motion is timely under Rule 59.

## III. Analysis

In his motion, Mr. King contends that the Court should reconsider its decision to dismiss this action for failure to prosecute and comply with Orders of the Court because he complied with the Court's Orders. He states that, on November 19, 2018, he submitted an eighteen-page complaint to an unspecified corrections officer in the mailroom of the Deberry Special Needs Facility, where the Plaintiff was temporarily housed at that time. (Doc. No. 17 at 1). Mr. King further states that, in the last ten months, he has had two cases dismissed for failure to prosecute and it is his "belief" that "the staff in the mailroom directed or misdirected his mail." (Id. at 2).

The Court has considered Mr. King's arguments and has reviewed all relevant material in the record. In the Court's Order of October 3, 2018, prior to his temporary move to the Deberry Special Needs Facility, the Court explained to Mr. King that he was required by the Federal Rules

of Civil Procedure to file a complaint if he wanted to pursue a federal civil action. (Doc. No. 4 at 2). Although Mr. King has argued consistently that prison mailroom staff are tampering with his outgoing legal mail, he has managed to submit a number of motions and declarations to the Court. (See Doc. Nos. 1, 2, 6, 8, 9, 14, 15, 17). Nevertheless, Mr. King failed to comply with the Court's instructions to file a complaint, even after having been granted several extensions of time within which to comply and during which time he submitted numerous motions—but not the complaint explicitly ordered by the Court. In addition, during that same period of time, the Plaintiff initiated a separate federal action by filing a petition for writ of habeas corpus and an application to proceed in forma pauperis. See William King v. SCCF, No. 2:18-cv-00096 (M.D. Tenn. filed 11/8/2018) (Crenshaw).

Under these circumstances, the Court finds that Mr. King has not established that his motion to alter or amend judgment should be granted. He points to no clear error of law, no newly discovered evidence, or to an intervening change in controlling law. See GenCorp, 178 F.3d 804, 834. Further, manifest injustice will not occur if the Court does not alter or amend its prior Order dismissing this action. See id. The Court previously dismissed this action without prejudice; therefore, the Plaintiff may pursue the same claims in another federal action. The Court notes that, even though he is proceeding pro se, Mr. King must follow the Federal Rules of Civil Procedure, which require that a plaintiff file a complaint; Mr. King cannot bypass the Federal Rules and litigate his claims in federal court by way of motions and declarations.

## IV. Conclusion

Accordingly, Mr. King's motion to reconsider, which the Court construes as a motion to alter or amend judgment (Doc. No. 17), is hereby **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES JUDGE